Vito **FACELLA** and Shirley C. Facella, Plaintiffs,

v.

**HOME FIRE AND MARINE INSURANCE COMPANY OF CALIFORNIA,** Defendant.

Civ. A. No. 779–59.

United States District Court
D. New Jersey.
June 16, 1960.

that time the complaint alleged $12,000 as the amount in controversy, that sum being the amount of fire insurance plaintiffs carried on their home and furnishings, for which a total loss is thus implied and not denied, though plaintiffs claim they later sold "the land" for $2,700. This, however, does not make it clear to a legal certainty that at the time of the removal the fire loss on the improvements, for which defendant is liable, as distinguished from the land, does not amount to $12,000.

The principles governing the jurisdiction of the Court on removal and remand, as here, are authoritatively stated in St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. Thereunder it is the situation in fact at the time of the removal which governs, the statement in the complaint at that time being presumptively correct in that regard. Thus plaintiffs' acts subsequent to such removal, by way of amendment of pleadings or filing of affidavits to waive greater recovery, do not affect the situation. It must appear to a legal certainty as of the time of removal that plaintiffs cannot recover the amount claimed in their complaint, in order to defeat the jurisdiction. While the attack on jurisdiction can be made, as the statute provides, "at any time", Title 28, § 1447(c), this attack must show the situtation as of the time of removal, and the attack may be made in any appropriate method selected by the Court, i. e., for its determination or that of the jury, perchance, at the trial.

Here plaintiffs, in their affidavit, do not establish evidentially to a legal certainty that the amount in controversy was less than $10,000 at the time of removal. In fact, in their brief they admit the removal was proper.

Such being the case, plaintiffs' motion for remand will be denied, and an order may be entered accordingly.

Joseph P. Rose, Newark, N. J., for plaintiffs.

Toner, Crowley, Woelper & Vanderbilt, Newark, N. J., by John A. Ackerman, Newark, N. J., Howard S. Mitnick, Newark, N. J., on the brief, for defendant.

HARTSHORNE, District Judge.

This case was removed from the Superior Court of New Jersey, Law Division, by the defendant, and plaintiffs have now moved to remand to the New Jersey Court, alleging by affidavit that the amount in controversy is below the necessary $10,000 jurisdictional sum. Defendant contends that the removal was proper and that the amount in controversy must be governed by the complaint at the time of the removal. At